**NOT FOR PUBLICATION**

```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY

                                    :
GEORGE S. VASILOPOULOS,              :   CIVIL ACTION NO. 09-1603 (MLC)
                                    :
     Plaintiff,                      :       O P I N I O N
                                    :
     v.                              :
                                    :
STATE OF NEW JERSEY, et al.,         :
                                    :
     Defendants.                     :
                                    :
```

**THE PLAINTIFF PRO SE** applied for in-forma-pauperis ("IFP") relief under 28 U.S.C. § ("Section") 1915 ("Application"), but then paid the filing fee. (See dkt. entry no. 1, Application; unnumbered dkt. entry preceding dkt. entry no. 5.) He thereafter requested a refund of the filing fee — explaining that he was "concerned" about "the delay in filing [the] complaint and borrowed the funds", and was confused due to his cognitive disability — and renewed the Application ("Renewed Application"). (Dkt. entry no. 34, Refund Request & Renewed Application; see dkt. entry no. 36, Pro Bono Counsel Request; dkt. entry no. 35, Pl. Letter.) Another Judge in the District of New Jersey has granted the plaintiff IFP relief in other actions. See, e.g., Order, Vasilopoulos v. Essex County Prosecutors Office, No. 08-5603 (D.N.J. Dec. 19, 2008). This Court is authorized to refund the filing fee to the plaintiff. See Akuma v. Natal, 312 Fed.Appx. 502, 504 (3d Cir. 2009); In re Baade, No. 99-7098, 1999

WL 728576, at *1 (D.C. Cir. Aug. 17, 1999); see also Poland v. Pa. Dep't of Motor Vehs. & Licensing Divs., No. 01-2894, 2001 WL 873060, at *1 (E.D. Pa. July 12, 2001) (affording opportunity to apply for refund of fee).  This Court — based upon the plaintiff's assertions in support of the Application and Renewed Application — intends to (1) grant IFP relief, and (2) refund the filing fee and file the Complaint and Amended Complaint.

**THIS COURT** may (1) review the claims, and (2) dismiss them sua sponte if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  This Court must construe this pro se pleading liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff". Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**THE PLAINTIFF** alleges in this action ("Current Action") (1) misconduct by the defendants from April 2008 to February 2009 related to criminal charges brought against him in state court and the related proceedings, rulings, and appeals resulting therefrom ("State Proceedings"), and (2) a vast conspiracy among the defendants underlying these matters.  (Dkt. entry no. 1, Compl.; dkt. entry no. 2, Am. Compl.)

**THE ALLEGED MISCONDUCT** asserted in the Current Action either (1) has been raised by the plaintiff and adjudicated in four actions previously brought in the District of New Jersey ("Earlier Federal Actions"), or (2) should have been raised by the plaintiff in the Earlier Federal Actions, as the allegations herein relate to or arise from the alleged misconduct raised in the Earlier Federal Actions. See Vasilopoulos v. Krovatin Klingman LLC, No. 09-73; Vasilopoulos v. Dolin, 09-72; Vasilopoulos v. Superior Court of New Jersey, No. 08-5801; Vasilopoulos v. Essex County Prosecutors Office, No. 08-5603. Indeed, many of the allegations from the Earlier Federal Actions are similar or overlapping, thereby making the claims in the Current Action dismissible for being duplicative. See Rogers v. United States, 307 Fed.Appx. 706, 706 (3d Cir. 2009) (dismissing appeal from order dismissing complaint that was identical to one from previous action).

**THE CLAIMS** in the Current Action, however, are barred by res judicata and collateral estoppel. This Court may sua sponte consider these affirmative defenses when reviewing claims by a non-prisoner pro se plaintiff in conjunction with an IFP application. See McMillian v. Trans World Airlines, No. 08-4449, 2009 WL 1396780, at *1 (3d Cir. May 20, 2009) (dismissing appeal from order sua sponte dismissing complaint on res judicata grounds under Section 1915); Britt v. United Steel Workers Local 2367, 319 Fed.Appx. 89, 90 (3d Cir. 2008) (affirming order sua

sponte dismissing complaint for same); Agcaoili v. Wiersielis, 273 Fed.Appx. 138, 138-39 (3d Cir. 2008) (affirming judgment sua sponte dismissing complaint for same).  Res judicata applies, as (1) the orders in the Earlier Federal Actions were valid, final, and on the merits, (2) the parties in all of the actions are either the same or in privity with each other, and (3) the claims in the Current Action arise from the same transactions or occurrences as the claims in the Earlier Federal Actions.  See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Collateral estoppel also applies, as (1) many of the identical issues were decided in prior adjudications in the Earlier Federal Actions, (2) there were final judgments on the merits issued therein, (3) the defendants here were either parties or in privity with parties to the prior adjudications, and (4) the plaintiff had a full and fair opportunity to litigate the issues in question.  See Bd. of Trs. of Trucking Em'ees of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).

**TO THE EXTENT** that the plaintiff may be seeking relief in the Current Action from determinations in the Earlier Federal Actions, he is barred from doing so.  The plaintiff must seek such relief from (1) the district court Judge overseeing the Earlier Federal Actions, or (2) the Court of Appeals.  See Fed.R.Civ.P. 60; L.Civ.R. 7.1(i); Fed.R.App.P. 3-5; O'Dell v.

U.S. Gov't, 256 Fed.Appx. 444, 445 (3d Cir.2007) (stating it is "obviously improper" for plaintiff to attempt to appeal to same district court that originally terminated an action); Olaniyi v. Alexa Cab Co., 239 Fed.Appx. 698, 699 (3d Cir. 2007) (noting that to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before different district court judge).

**TO THE EXTENT** that the plaintiff may be seeking to avoid decisions in the State Proceedings, the proper way to do so is to seek review through the state appellate process and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  The Rooker-Feldman doctrine prohibits a federal court from voiding a state court's decision and preventing a state court from enforcing its orders.  See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision.

**TO THE EXTENT** that the plaintiff may be seeking relief from ongoing State Proceedings, this Court cannot provide such relief. A federal court must abstain from exercising jurisdiction, under the Younger-abstention doctrine, when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3)

5

there is an adequate opportunity to raise federal claims in state court.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).

**TO THE EXTENT** that the plaintiff may be asserting claims against state and federal judges, such claims are barred under the absolute immunity doctrine.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).  Furthermore, if the plaintiff wishes to challenge the determinations of the Judge in the Earlier Federal Actions, then the appropriate remedy is an appeal to the Court of Appeals. Shemonsky v. Thomas, 255 Fed.Appx. 687, 688 (3d Cir. 2007).

**TO THE EXTENT** that the plaintiff may be asserting claims against a prosecutor and a public defender involved in the State Proceedings, his claims are barred.  The prosecutor and public defender are immune from liability here.  See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (concerning prosecutor); Burns v. Reed, 500 U.S. 478, 492 (1991) (same); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (same); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (concerning public defender); Thomas v. Howard, 455 F.2d 228, 229-30 (3d Cir. 1972) (same).

6

**TO THE EXTENT** that the plaintiff asserts any discernible allegations concerning a conspiracy on the part of the defendants to deprive him of federal rights, such allegations appear to be based on mere speculation and thus are without merit.  See Gera v. Pennsylvania, 256 Fed.Appx. 563, 565-66 (3d Cir. 2007), cert. denied, 128 S.Ct. 2511 (2008).

**THIS COURT NOTES** that the plaintiff has appealed from one determination among the Earlier Federal Actions, and that the time to appeal from another determination has not expired.  See Order, Vasilopoulos v. Essex County Prosecutors Office, No. 08-5603 (D.N.J. Sept. 9, 2009) (granting motion to dismiss); Notice of Appeal, Vasilopoulos v. Krovatin Klingman LLC, No. 09-73 (D.N.J. Jan. 29, 2009).  If the plaintiff prevails on an appeal and an Earlier Federal Action is reinstated, then he may move to amend the complaint therein to assert the claims he has attempted to assert in the Current Action.  See McKenna v. Philadelphia, 304 Fed.Appx. 89, 93-94 (3d Cir. 2008) (stating claims that are duplicative of those in ongoing earlier action should be dismissed without prejudice to plaintiff to move to assert them in earlier action, and citing Walton v. Eaton Corp., 563 F.2d 66 (3d Cir. 1977)).  But there is no guarantee that such a motion will be granted by the Judge overseeing the Earlier Federal Actions.

**THIS COURT** will dismiss the claims in the Current Action as being frivolous, for failure to state a claim, and for seeking

monetary relief from those who are immune from such relief.  This Court will issue an appropriate order and judgment.

                                                      s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated: September 16, 2009